MARK E. BURTON, II, ESQ., State Bar No. 178400
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6396
(415) 441-5544

Specially Appearing for Plaintiff
Timothy J. Walton

# UNITEED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. WALTON, an individual | CASE NUMBER  5:05-CV-00486-PVT |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447(c)]** |
| vs. | |
| PLASMANET, INC., a Delaware corporation, KEVIN J. ARONIN, an individual, and DOES 1-20, | **Date:  March 22, 2005** |
| Defendants. | **Time:  10:00 AM** |
| | **Judge:  Hon. Patricia V. Trumbell** |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ..................................................................................................1

II.     STATEMENT OF FACTS......................................................................................1

III.    ARGUMENT ........................................................................................................1

        A.      THE DEFENDANTS BEAR THE BURDEN OF PROVING WITH
               COMPETENT EVIDENCE THAT THE AMOUNT IN
               CONTROVERSY EXCEEDS $75,000 ....................................................1

        B.      DEFENDANTS CANNOT MEET THEIR BURDEN..................................3

        C.      THIS COURT SHOULD AWARD PLAINTIFFS THEIR
               ATTORNEY'S FEES INCURRED IN BRINGING THIS MOTION .........4

IV.     CONCLUSION ......................................................................................................5

## TABLE OF AUTHORITIES

Page

Cases

*Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 864 (9th Cir. 2003) ................................ 4

*Braco v. MCI Worldcom Communications, Inc.*, 138 F. Supp. 2d 1260, 1266, 1270-71 (C.D. Cal. 2001) ................................................................................................ 4

*City of Chicago v. Int'l College of Surgeons*, 522 U .S. 156, 163, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) ................................................................................................ 2

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .................................................. 2, 3, 4

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002) ................................................................................................................ 3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ................................................................................................ 3

*Littel v. Bridgestone/Firestone, Inc.*, 259 F. Supp. 2d 1016, 1020 (C.D. Ca1. 2003) .......... 2, 3

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090-91 (9th Cir. 2003) ......... 3, 4

*Moore v. Permanente Med. Group, Inc.*, 981 F .2d 443, 448 (9th Cir. 1992) ........................ 4

*Pacific Mar. Assoc. v. Mead*, 246 F. Supp. 2d 1087, 1093 (N.D. Cal. 2003) ........................ 4

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,403-04 (9th Cir. 1996) ..................... 2, 3

*Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) .................................................. 2

*Sonoma Falls Developers. LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 927 (N.D. Cal. 2003) ................................................................................ 5

*Surber*, 110 F. Supp. 2d at 1232 ................................................................................ 3, 4

*Valdez v. Allstate Ins. Co.*, 372 F .3d 1115, 1117 (9th Cir. 2004) ......................................... 3

Statutes

28 U.S.C. § 1441(a) ............................................................................................... 1, 2

28 U.S.C. § 1332 (2000) ............................................................................................... 2

28 U.S.C. § 1447(c) ...................................................................................................... 5

## I.   INTRODUCTION

Defendants have improperly removed this action based upon diversity jurisdiction.  Defendants cannot meet their burden of proving that the amount in controversy exceeds $75,000.  The complaint alleges 13 incidents of unsolicited commercial email (commonly referred to as "junk email" or "spam") and specifies that statutory damages provide for $1,000 per email.  Thus, only $13,000 in damages can be ascertained from the force of the complaint.  Furthermore, defendants should be required to pay the attorneys' fees incurred in litigating this issue, particularly given the fact that they refused to stipulate to remand even after the Plaintiff offered to stipulate that his damages were less than $75,000.

## II.   STATEMENT OF FACTS

Plaintiff filed this complaint in pro per on December 28, 2004, in the Superior Court of California for the County of Santa Clara.  Defendants removed the action on February 1, 2005.  However, the complaint on its face specifies that Plaintiff received 13 unsolicited commercial emails and that statutory damages for each email is $1,000.   (See Plaintiff's complaint ¶7 and Prayer for Relief.)  Thus, only $13,000 in damages can be ascertained from the face of the complaint.

Plaintiff originally filed this case in pro per, but was forced to hire an attorney after defendants refused to stipulate to remand this case to State Court.  (See the Declaration of Timothy Walton.)  Plaintiff's counsel then wrote to defendants' counsel twice and had a telephone conversation where he requested that defendants' stipulate to remand based upon the lack of any support to justify the removal and the fact that Plaintiff offered to stipulate that his damages did not exceed $75,000.  (See the Declaration of Mark E. Burton, II.) Defendants refused.

## III.   ARGUMENT

### A .   THE DEFENDANTS BEAR THE BURDEN OF PROVING WITH COMPETENT EVIDENCE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in state court is

removable if it might have been brought originally in federal court.  See *City of Chicago v. Int'l College of Surgeons*, 522 U .S. 156, 163, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) ("defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction'") (quoting 28 U.S.C. § 1 441 (a)); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) ("in the absence of a specific statutory exception, a federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff").

Where removal is based on diversity, as it is in this case, the matter in controversy must exceed $75,000, exclusive of interest and costs, and the citizenship of the plaintiff must differ from that of all defendants.  28 U.S.C. § 1332 (2000).  The Ninth Circuit has stated that courts are to "strict1y construe" the removal statute.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); accord *Littel v. Bridgestone/Firestone, Inc.*, 259 F. Supp. 2d 1016, 1020 (C.D. Ca1. 2003).  Doubts as to removability are resolved in favor of remanding the case to the state court.  *Gaus*, 980 F .2d at 566 (stating a "strong presumption" against removal, and jurisdiction rejected "if there is any doubt as to the right of removal").

In the Ninth Circuit, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F .2d at 566; accord *Littel*, 259 F. Supp. 2d at 1020.  If the amount in controversy is not clear on the face of the complaint, the removing defendant bears the burden of "actually proving the facts to support jurisdiction, including the jurisdictional amount," by a "preponderance of evidence."  *Gaus*, 980 F.2d at 567; accord *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,403-04 (9th Cir. 1996); Littel, 259 F. Supp. 2d at 1020.  Defendants concede in the Notice of Removal that the amount in controversy is not apparent from the face of the Complaint, and accordingly, are required to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

To meet this burden, Defendants were required to establish that it is "more

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE
TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §2447(c)]

likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Sanchez*, 102 F .3d at 404; accord *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("'defendant must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000'"; citations omitted). Speculative arguments and conclusory allegations regarding the potential value of the award sought by the plaintiff is insufficient to meet this burden. See, *e.g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090-91 (9th Cir. 2003) ("[c]onclusory allegations as to the amount in controversy are insufficient"); *Gaus*, 980 F .2d at 567 (where defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," but simply alleges that the amount in controversy exceeds the jurisdictional minimum, this "magical incantation" did not satisfy the defendant's burden.) The Ninth Circuit has also held that factual allegations based on information and belief that the amount in controversy exceeds $75,000, excluding interest and costs, are also insufficient. *Valdez v. Allstate Ins. Co.*, 372 F .3d 1115, 1117 (9th Cir. 2004).

The Court may, under limited circumstances, include punitive damages as part of the amount in controversy. See *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002). In order to establish probable punitive damages, however, a defendant seeking removal must introduce extrinsic evidence concerning the likely amount of punitive damages, such as jury verdicts in cases involving analogous facts. See *Surber*, 110 F. Supp. 2d at 1232.

## B.    DEFENDANTS CANNOT MEET THEIR BURDEN

The Complaint in this action seeks damages in an unspecified amount with the exception of 13 incidents where the statutory penalty is $1,000. The face of the Complaint, therefore, does not show that the amount in controversy exceeds the jurisdictional amount. Thus, Defendants had the burden of proving in the Notice of Removal that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. See *Sanchez*, 102 F .3d at 403-404; see also *Littel*, 259 F. Supp. 2d at 1020. Defendants' Notice of Removal fails to make

such an evidentiary showing.

The Notice of Removal consists of nothing more than the conclusory allegation that the jurisdictional threshold is met. It does not provide any facts or supporting evidence that would establish that Plaintiffs' claims exceed $75,000, exclusive of interest and costs. In this Circuit, however, speculative, conclusory and unsubstantiated statements regarding the amount in controversy are insufficient to establish removal jurisdiction. See *Matheson*, 319 F.3d at 1090-91; *Gaus*, 980 F.2d at 565-66.

Defendants also argue that because Plaintiffs have made an unspecified claim for punitive damages, this Court should aggregate those damages in determining the amount in controversy. This is insufficient as a defendant seeking removal must provide extrinsic evidence concerning the likely amount of punitive damages. *Surber*, 110 F. Supp. 2d at 1232; *Matheson*, 319 F.3d at 1090-91; *Gaus*, 980 F.2d at 565-66. Defendants have not done so, and as a result, they have not met their burden.

## C.   THIS COURT SHOULD AWARD PLAINTIFFS THEIR ATTORNEY'S FEES INCURRED IN BRINGING THIS MOTION

In addition to remanding this case to state court, this Court should also award Plaintiff the attorney's fees incurred in bringing this motion. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees "does not require a finding of 'bad faith,' or that the removal was 'frivolous' or 'vexatious.'" *Braco v. MCI Worldcom Communications, Inc.*, 138 F. Supp. 2d 1260, 1266, 1270-71 (C.D. Cal. 2001) (citation omitted); accord *Moore v. Permanente Med. Group, Inc.*, 981 F .2d 443, 448 (9th Cir. 1992); *Pacific Mar. Assoc. v. Mead*, 246 F. Supp. 2d 1087, 1093 (N.D. Cal. 2003). Attorneys' fees incurred by a plaintiff filing a motion for remand "may be awarded even where the removal was 'fairly supportable.'" *Braco*, 138 F. Supp. 2d at 1266, 1270-71. The court may also "award attorney fees when removal is wrong as a matter of law." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 864 (9th Cir. 2003). Because Defendants improperly removed the underlying action and Plaintiff was required hire an attorney and file

– 4 –

this motion to remand, the Court should award Plaintiff the attorneys fees incurred to research and draft this motion to remand, as well as to reply and appear before this Court at the hearing on this motion.

Furthermore, when the defendant is made aware that he has failed to establish grounds for removal, and then refuses to consent to remand, an award of attorneys' fees to the plaintiff is warranted.  See *Sonoma Falls Developers. LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 927 (N.D. Cal. 2003) (award of attorney's fees to plaintiff was appropriate where plaintiff had provided defendants with legal authority indicating a lack of subject matter jurisdiction).  Prior to filing this motion for remand, Plaintiff himself provided relevant legal authority to Defendants' counsel, which put Defendants on notice of their burden of proof on removal and the failure of the Notice of Removal to meet this burden.  Thereafter, Plaintiff's counsel wrote two letters that included legal authority and pointed out that Plaintiff was willing to stipulate that his damages did not exceed $75,000.  However, defendants refused to stipulate to remand, thus necessitating this motion.  For this additional reason, this Court should award Plaintiff reasonable attorneys' fees.

## IV.  CONCLUSION

For the reasons set forth herein, this Court should grant Plaintiff's motion to remand this action to the Santa Clara County Superior Court, and should award attorneys' fees in an amount to be determined after full briefing of this motion.

DATED:   February 15, 2005.                        HERSH & HERSH
                                                   A Professional Corporation


                                                   By_____
                                                        Mark E. Burton, II
                                                        Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE
TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §2447(c)]